UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02660

**San Millan,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## ORDER

Marlon Ruiz San Millan is a native and citizen of Cuba currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Petitioner also requests a writ of mandamus and relief under the Administrative Procedure Act ("APA"). Because his detention is lawful, his petition is denied. Petitioner's requests for mandamus and APA relief are also denied.

## BACKGROUND

Petitioner last entered the United States on May 30, 2024. Petitioner was granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). Pet. Ex. 2 at 5 (ECF No. 1-1); *see Aldana v. Collins*, No. 1:26-cv-02223, 2026 WL 2921711, at *2 (W.D. Tex. Sept. 29, 2026) (explaining that release on DT parole is humanitarian parole pursuant to section 1182(d)(5)(A)). It is disputed whether Petitioner's parole expired in April or May 2026. Petitioner was detained by federal immigration officials on September 12, 2026. Petitioner is currently detained at the

T. Don Hutto Detention Center and is seeking adjustment of status.

On September 23, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. Petitioner also requested a writ of mandamus and relief under the APA. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## Analysis

Petitioner asserts that his pre-removal detention is unlawful because it violates due process and because his parole was unlawfully revoked. His arguments, however, fail.

Petitioner argues that his detention is unlawful because his parole was revoked without written notice. The circumstances concerning when Petitioner's parole expired are disputed. But even if Petitioner's parole was wrongfully terminated in April, he would still be lawfully detained under section 1225(b)(2) because he was detained in September, long after his parole's original expiration date in May. Section 1182(d)(5)(A) parole automatically terminates without written notice at the expiration of the time for which parole was authorized. 8 C.F.R. § 212.5(e)(1). And upon expiration of his parole, Petitioner's "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

"[D]ue process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). It is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ. *Rodriguez*, 2026 WL 3181188,

at *5–7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026).

Petitioner is also not entitled to relief under the APA or the Mandamus Act. Petitioner requests the Court enter an order requiring the United States Citizenship and Immigration Services to adjudicate his pending immigration applications within a certain time. This relief is not available through a habeas petition. "[H]abeas is not available to review questions unrelated to the cause of detention." *Pierre*, 525 F.2d at 935. "[I]t cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody." *Id.* at 936; *see, e.g.*, *Jaramillo-Arellano, v. Blanche, et al.*, No. 1:26-cv-01711, 2026 WL 2476440, at *6 (W.D. Tex. Aug. 24, 2026) (denying a request to order respondents to render a decision on Petitioner's pending request for prosecutorial discretion). Petitioner's requests for APA and Mandamus relief are denied without prejudice.[1]

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

---

[1] The Court recognizes that Petitioner's non-habeas claims are now pending in a separate civil action and their inclusion in this habeas petition was at least in part due to a filing error. This Court's dismissal of these claims in this habeas petition is without prejudice to their continuation in the separate pending matter.

*So ordered by the Court on November 4, 2026.*

ANDREW DAVIS
United States District Judge